UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE LAMAR VALE,<br><br>Petitioner,<br><br>v.<br><br>JASON SCHULTZ, Warden,<br><br>Respondent. | No.  2:25-cv-0639 CSK P<br><br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner paid the filing fee.  The petition is a mixed petition, containing both exhausted and unexhausted claims, and petitioner seeks to stay this action pending exhaustion of state court remedies.

As discussed below, petitioner is granted leave to file a motion for stay.

I.  GOVERNING STANDARDS

Federal law requires any habeas claim to be presented first to the state courts in order to correct any constitutional error.  See 28 U.S.C. § 2254(b)(1)(A); see also Rose v. Lundy, 455 U.S. 509, 515-16 (1982) (explaining why federal habeas petitioners must exhaust claim by giving state courts the first opportunity to correct constitutional error); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (explaining that exhaustion requires the completion of "one complete round" of state court review).

///

1

Petitioner may request the federal court to place the federal habeas petition on hold while he returns to state courts to fully exhaust his claims. This is referred to as a "stay and abeyance." Federal law provides for two very different types of a stay and abeyance. Any motion petitioner files for a stay should specify which type of stay he seeks.

The first type of a stay is referred to as a "Rhines" stay. See Rhines v. Weber, 544 U.S. 269, 278 (2005). The court may stay a habeas petition containing exhausted and non-exhausted claims if petitioner demonstrates (1) good cause for the failure to previously exhaust the claims in state court, (2) the claims at issue potentially have merit, and (3) petitioner has been diligent in pursuing relief. Rhines, 544 U.S. at 277-78; see also Mena v. Long, 813 F.3d 907, 910-12 (9th Cir. 2016) (extending the Rhines stay and abeyance procedure to federal habeas petitions that are wholly unexhausted). Petitioner must address all three of these factors if he is requesting a Rhines stay. If the court grants the request for a Rhines stay, the entire federal habeas petition including the unexhausted claims will be put on hold. It does not require petitioner to file an amended federal habeas petition.

The second type of a stay is referred to as a "Kelly" stay. In Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), a stay and abeyance involves the following three-step process: (1) the petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to return to state court to exhaust the deleted claims; and (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition. This is a more cumbersome procedure than a Rhines stay because it requires petitioner to file multiple amended federal habeas petitions, but it does not require a petitioner to demonstrate good cause for the failure to exhaust. See King v. Ryan, 564 F.3d 1133, 1140 (9th Cir. 2009). However, a Kelly stay runs the risk of preventing review on the merits of any unexhausted claim for relief due to the one year statute of limitations governing federal habeas claims. See King, 564 F.3d at 1140-41 (emphasizing that a "petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them **only** if those claims are determined to be timely. Demonstrating timeliness will often be problematic under the now-

applicable legal principles.") (emphasis added); see also 28 U.S.C. § 2244(d)(1)(stating that a one year period of limitation shall apply to all federal habeas petitions challenging a state court judgment).

II.      DISCUSSION

Petitioner states he is filing the instant petition as a protective petition while he completes exhaustion of state court remedies for the unexhausted claims, and seeks to stay this action until he completes exhaustion. Petitioner claims that he currently has a petition for writ of habeas corpus pending in the Sacramento County Superior Court. (ECF No. 1 at 3.) Although petitioner provided copies of state court filings pertaining to his exhausted claims (id. at 17-30, 278-709; ECF No. 1-1), petitioner did not provide a copy of the petition for writ of habeas corpus he claims is pending in the Sacramento County Superior Court.

Petitioner is granted leave to file a motion for stay and abeyance in which he identifies the type of stay he seeks. In addition, petitioner must provide a copy of the petition for writ of habeas corpus pending in the Sacramento County Superior Court that includes his signature, the case number, and the date it was filed. Also, if the state court issues a ruling on petitioner's constitutional claims while this federal habeas case is pending, petitioner should file a "Notice of Exhaustion" in this court along with a copy of the state court ruling.

Accordingly, IT IS HEREBY ORDERED that petitioner is granted thirty days from the date of this order to file a motion for stay, identifying what type of stay he seeks, and shall also file a copy of the petition for writ of habeas corpus filed in the Sacramento County Superior Court that bears the case number and the date the petition for writ of habeas corpus was filed.

Dated: June 12, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/vale0639.fb