UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE LAMAR VALE,<br>Petitioner,<br>v.<br>JASON SCHULTZ,<br>Respondent. | No. 2:25-cv-0639 WBS CSK P<br><br><u>FINDINGS & RECOMMENDATIONS</u> |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Petitioner challenges his 2022 conviction for murder, robbery, ex-felon in possession of a firearm, a special circumstance of robbery-murder, and a firearm enhancement. (ECF No. 1.) Petitioner's motion for stay and abeyance is before the Court. As discussed below, petitioner's motion should be denied, and he should be granted leave to file an amended petition raising only exhausted claims.

I. PETITIONER'S CLAIMS

Petitioner's exhausted claims are that (1) the court erred in failing to instruct the jury on theft as an offense lesser to robbery; (2) the court erred in instructing the jury pursuant to CALCRIM No. 376 regarding the import of possession of recently-stolen property; (3) the court

[1] Petitioner is being assisted by another inmate, Terrance Kent Moord. (ECF No. 9; ECF No. 11 at 5-13 (Moord Decl.).)

erred in denying the motion for new trial where the conviction was based on false testimony; (4) the errors were cumulatively prejudicial. (ECF No. 1 at 18-30 (Ex. A).)

Petitioner admits that all of the claims set forth in his Exhibit B are not exhausted. (ECF No. 1 at 12, 13-14, 31-709 (Ex. B).) Petitioner's unexhausted claims are identified as (1) ineffective assistance of trial counsel based on counsel's failure to impeach the testimony of witnesses Richard Wallace and Terance Benson (id. at 54-156); (2) prosecutorial misconduct based on the alleged false testimony of witnesses Richard Wallace and Terance Benson (id. at 157-206); (3) petitioner was denied his right to a fundamentally fair trial in violation of his due process rights (id. at 207-42); (4) insufficient evidence (id. at 243-57); (5) ineffective assistance of appellate counsel (id. at 258-65); and (6) cumulative error (id. at 266-71).

## II. BACKGROUND

### A. Petitioner's State Court Background

In the Sacramento County Superior Court, Case No. 18FE018423, a jury convicted petitioner for murder, robbery, ex-felon in possession of a firearm, a special circumstance of robbery-murder, and a firearm enhancement. (ECF No. 1 at 1.) On June 10, 2022, petitioner was sentenced to life in prison without parole, plus 25 years. (Id.) Petitioner filed an appeal, and his conviction was affirmed on August 3, 2023. (ECF No. 17-1.) Petitioner filed a petition for review in the California Supreme Court. (ECF No. 17-2.) The petition for review was denied on October 11, 2023. (ECF No. 17-3.) Petitioner did not file a petition for certiorari in the United States Supreme Court. (ECF No. 1 at 3.)

Petitioner filed his first state court petition for writ of habeas corpus in the Sacramento County Superior Court on February 19, 2025, under the mailbox rule.[2] (ECF Nos. 17-4; ECF No. 17-6.) On August 28, 2025, the superior court denied the petition in a reasoned decision. (ECF No. 17-5.) No habeas petitions have been filed in the California Supreme Court.[3]

---

[2] Respondent provided a copy of the prison mail log that shows petitioner mailed his first state court habeas petition and the instant federal habeas petition on the same day, February 19, 2025. (ECF No. 17-6.) Under the mailbox rule, a prisoner's pro se habeas petition is "deemed filed when he hands it over to prison authorities for mailing to the relevant court." Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001); Houston v. Lack, 487 U.S. 266, 276 (1988).

[3] The court may take judicial notice of facts that are "not subject to reasonable dispute

B. Petitioner's Federal Court Background

Under the mailbox rule, petitioner filed his petition for writ of habeas corpus in this Court on February 19, 2025. (ECF No. 1; ECF No. 17-6.) On June 13, 2025, this Court found petitioner had filed a petition raising both exhausted and unexhausted claims, and granted petitioner leave to file a motion for stay and abeyance. (ECF No. 7.) Following an extension of time, on September 26, 2025, petitioner filed a motion for stay and abeyance pursuant to Rhines v. Weber, 544 U.S. 269, 277-78 (2005). (ECF No. 11.) On November 21, 2025, respondent filed an opposition. (ECF No. 15.) On December 4, 2025, respondent lodged documents in support of the opposition. (ECF No. 17; ECF Nos. 17-1 to 17-6.) Despite being granted an extension of time, petitioner did not file a reply. (See Docket.)

III. EXHAUSTION STANDARDS

The exhaustion of state court remedies is a prerequisite to granting a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986). The prisoner must "fairly present" both the operative facts and the federal legal theory supporting his federal claim to the state's highest court, "thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004). The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982) (establishing the total exhaustion rule).

When a habeas petition presents both exhausted and unexhausted claims, the petition is considered "mixed." See Dixon v. Baker, 847 F.3d 714, 718 (9th Cir. 2017). Generally, "a

---

because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). It is appropriate to take judicial notice of the docket sheet of a California court. White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010). The address of the official website of the California state courts is www.courts.ca.gov (accessed July 16, 2026).

district court must dismiss habeas petitions containing both unexhausted and exhausted claims." Rose, 455 U.S. at 522. However, a petitioner may avoid dismissal through seeking a stay and abeyance of his petition, which gives a petitioner the opportunity to exhaust his claims in state court before presenting them in federal court. See Butler v. Long, 752 F.3d 1177, 1180 (9th Cir. 2014); Dixon, 847 F.3d at 718-20. In this circuit, two procedures for staying a petition may be available while a petitioner exhausts his claims in state court. See Rhines v. Weber, 544 U.S. 269 (2005); Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002), overruled on other grounds by Robbins v. Carey, 481 F.3d. 1143 (9th Cir. 2007).

IV. PETITIONER'S MOTION FOR STAY UNDER RHINES

In "limited circumstances," the district court may stay and abey a habeas petition for the purpose of allowing the petitioner to exhaust state remedies. See Rhines, 544 U.S. at 277. A Rhines stay may be employed as to both "mixed" petitions -- i.e., those containing exhausted and unexhausted claims -- and petitions raising only unexhausted claims. See Mena v. Long, 813 F.3d 907, 908 (9th Cir. 2016). To obtain a motion for stay under Rhines, 544 U.S. at 277-78, petitioner must demonstrate (1) good cause for the failure to previously exhaust the claims in state court, (2) the claims at issue are potentially meritorious, and (3) petitioner has been diligent in pursuing relief. Id. at 277-78; see also Mena, 813 F.3d at 910-12. Petitioner must satisfy all three factors to obtain a Rhines stay. Id.

This Court finds that petitioner fails to meet his burden of demonstrating that he did not engage in intentional delay in pursuing his unexhausted claims in state court. Petitioner denies engaging in any abusive litigation tactics or any type of intentional delay. (ECF No. 11 at 9.) But petitioner fails to explain why he did not earlier seek to exhaust the claims raised in his Exhibit B. The petition for review was mailed to petitioner on September 8, 2023. (ECF No. 17-2 at 19.) Once petitioner received the petition for review, he knew what claims were raised. Further, the unexhausted claims involve the testimony of witnesses at trial and other alleged improprieties during trial; petitioner would have been aware of these issues at the time of trial. Petitioner points to no new evidence that prompted his first attempt to pursue collateral remedies in state court on February 19, 2025, the same day he mailed his federal petition. Absent evidence to the contrary,

and given this lengthy delay, this Court cannot find that petitioner did not engage in intentional delay.

Respondent notes that after Rhines, the Supreme Court suggested that a petitioner could file a "protective" petition in federal court and seek a stay on that basis. (ECF No. 15 at 3 (citing Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005).) However, respondent argues that Pace does not apply because petitioner was not attempting to exhaust his state court remedies before he filed his federal petition. (Id.) This Court agrees. In Pace, the petitioner was pursuing his state court remedies when he filed his habeas petition in federal court and expressed confusion about amendments to habeas corpus laws occurring between the time of the petitioner's conviction and the filing of his federal habeas petition. See id. at 410-13. Here, petitioner filed his first state habeas petition at the same time he filed his federal petition, and did not allege confusion or address timeliness in his petition. (ECF No. 1, passim; ECF No. 17-6.) Thus, Pace does not apply.

Because petitioner fails to demonstrate he did not intentionally delay the pursuit of his state court remedies, this Court need not reach the other two factors in the Rhines test. See Wooten v. Kirkland, 540 F.3d 1019, 1023 (9th Cir. 2008).

Finally, aside from the statute of limitations issue raised by respondent, which this Court declines to reach, it is likely too late for petitioner to return to state court to pursue his unexhausted claims. See Evans v. Chavis, 546 U.S. 189, 191-92 (2006) (holding unexplained six-month delay between lower state court's denial and filing of petition in higher state court unreasonable compared to "short[er] periods of time," such as 30 to 60 days, "that most States provide for filing an appeal to the state supreme court" (citation and alteration omitted)). Here, the state superior court denied petitioner's first state court habeas petition on August 28, 2025, over 10.5 months ago, and petitioner presents no evidence to demonstrate he filed any other habeas petition in state court. As noted above, the state court's website confirms petitioner has not filed a habeas petition in the California Supreme Court. Because of this further delay, it would be futile to grant petitioner a stay under Rhines.

///

V. CONCLUSION

For the above reasons, respondent's motion to dismiss should be granted, and petitioner should be granted leave to file an amended petition raising only exhausted claims one through four.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion for stay and abeyance under Rhines (ECF No. 11) be denied.
2. Petitioner be granted thirty days from the date of adoption of these findings and recommendations to file an amended petition raising only exhausted claims; and
3. This case be referred back to the undersigned for further proceedings.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 20, 2026

Chi Soo Kim

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/vale0639.R.sty